# United States District Court
# For The Western District of North Carolina
# Charlotte Division

James Lamar Cureton,

    Plaintiff(s),

vs.

USA ,

    Defendant(s).

JUDGMENT IN A CIVIL CASE

3:04-cv-156-1/3:98cr298-3

DECISION BY COURT. This action having come before the Court by motion and a decision having been rendered;

IT IS ORDERED AND ADJUDGED that Judgment is hereby entered in accordance with the Court's 5/19/05 Order.

May 19, 2005

FRANK G. JOHNS, CLERK

BY: /s/ Betsy Wallace

Betsy Wallace, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV156-1-MU
3:98CR298-3-MU

| | |
|---|---|
| JAMES LAMAR CURETON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed April 5, 2004; Respondent's Motion for Summary Judgment, filed June 23, 2004; and Petitioner's Motions to Amend, filed July 22, 2004, and February 7, 2005.

## PROCEDURAL HISTORY

On November 2, 1998, Petitioner was named in the first count of a four-count Bill of Indictment charging him with one count of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. An Information was filed that same day alleging that the conspiracy involved at least five kilograms of cocaine, fifty grams of cocaine base, and thirty pounds of marijuana. On March 23, 1999, the parties filed a plea agreement with the Court. On April 6, 1999, Petitioner pled guilty at his Rule 11 hearing. On October 27, 1999, this, after granting the Government's downward departure motion, Court sentenced Petitioner to 300 months imprisonment and 36 months supervised release. Petitioner did not directly appeal his sentence or conviction.

On April 5, 2004, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence. In his Motion to Vacate Petitioner alleges that he was sentenced in violation of the constitution. Petitioner cites <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>United States v. Promise</u>, 255 F.3d 150 (4th Cir.), <u>cert. denied</u>, 535 U.S. 1098 (2002), to support his argument.

## ANALYSIS

### I. AEDPA's STATUTE OF LIMITATION

In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant case, Petitioner's sentence and conviction became final in late November 1999.[1] Because Petitioner did not file his Motion to Vacate until April 5, 2004, well over four

---

[1] Respondent, citing <u>Clay v. United States</u>, 537 U.S. 522 (2003), states in its Motion for Summary Judgment that Petitioner's limitation period expired on February 12, 2001. In <u>Clay</u> the Supreme Court stated that AEDPA's limitation period does not begin until ninety days after a

2

years after his conviction and sentence became final, his Motion to Vacate is untimely.

In anticipation of such a conclusion, Petitioner argues that his limitation period should be equitably tolled. In support of this assertion Petitioner contends that his counsel never gave him information about an appeal either at sentencing or during plea negotiations, "except a waiver of appeals that I never clearly understood." Petitioner further states that on March 12, 2001, his attorney informed Petitioner that he would file a § 2255 motion on Petitioner's behalf. On March 20, 2001, however, Petitioner's counsel informed Petitioner that Petitioner had waived the right to file a collateral attack on his sentence except for ineffective assistance of counsel or prosecutorial misconduct claims. As such, Petitioner's counsel suggested that Petitioner hire another lawyer to pursue a § 2255 motion based upon ineffective assistance of counsel. Petitioner's counsel suggested as one possibility Noel Tin, an attorney whom he believed was experienced with these issues. Petitioner also states that in subsequent correspondence he and his attorney discussed the impact of a decision from the United States Court of Appeals for the Ninth Circuit which called into question the validity of 21 U.S.C. § 841(b).

"[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Consequently, equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Equitable tolling is appropriate when, but only when,

---

defendant's appeal is denied when no certiorari petition is filed with the Supreme Court. Here, Petitioner did not appeal his sentence to the Fourth Circuit and therefore his limitation period began to run ten days after Judgment was entered in his case.

3

"extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id.

In the instant case, Petitioner asserts that the ineffective assistance of his counsel prevented him from timely filing his motion to vacate. This Court, however, finds Petitioner's equitable tolling argument unavailing. First, there is no right to counsel in collateral proceedings. See Crowe v. United States, 175 F.2d 799 (4th Cir. 1949), cert. denied, 338 U.S. 950 (1950). Consequently, his counsel was not constitutionally ineffective for failing to file a collateral appeal. Moreover, even if earlier conduct could serve to toll Petitioner's limitation period, Petitioner admittedly knew by March 20, 2001, that no direct appeal had been filed and that no collateral appeal had been filed and yet he still waited over three years to file a motion to vacate. Based upon the above, this Court holds that Petitioner's time period for filing a Motion to Vacate was not equitably tolled so as to permit him to file a timely motion to vacate on April 5, 2004..

Lastly, Petitioner argues that AEDPA's limitation period violates the Suspension Clause. Petitioner cites no direct authority for this proposition. Under AEDPA the possibility of habeas relief remains reasonably available. Moreover the United States Court of Appeals for the Fourth Circuit has continuously upheld the application of AEDPA's limitation period. Consequently, this Court is unpersuaded by Petitioner's argument.

## II. **APPRENDI AND PROMISE ARE NOT RETROACTIVE**

Even if Petitioner's Motion to Vacate were deemed timely filed, his Motion to Vacate would still fail. Petitioner argues in his Motion to Vacate that he was sentenced in violation of his constitutional rights because he was sentenced based upon a drug amount that was not set

4

forth in his indictment and because the murder allegation was not contained in the Indictment. Petitioner cites to <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>United States v. Promise</u>, 255 F.3d 150 (4th Cir.), <u>cert. denied</u>, 535 U.S. 1098 (2002) to support his argument.

Petitioner's sentence and conviction became final on November 24, 1999. Consequently, Petitioner's sentence and conviction became final well before <u>Apprendi</u> was decided on June 26, 2000 and <u>Promise</u> was decided on August 10, 2001. Therefore, in order to impact Petitioner's sentence, these cases would have to be determined to be retroactive on collateral review. The United States Court of Appeals for the Fourth Circuit, however, has expressly held that <u>Apprendi</u> "does not apply retroactively on collateral review." <u>United States v. Sanders</u>, 247 F.3d 139 (4th Cir. 2001)(holding that "the new rule announced in <u>Apprendi</u> does not rise to the level of a watershed rule of criminal procedure which 'alter[s] our understanding of the bedrock elements essential to the fairness of a proceeding.'").

Petitioner tries to avoid the fatal impact of <u>Sanders</u> on his claim by arguing that while <u>Apprendi</u> may not be retroactive, the Fourth Circuit's subsequent decision in <u>Promise</u> is retroactive. Petitioner contends that the Fourth Circuit holding in <u>Promise</u> that drug type and quantity are elements of an offense under 21 U.S.C. § 841 is a substantive decision and therefore is retroactive to cases pending on collateral review.

This Court is not convinced that the holding in <u>Promise</u> altered the holding in <u>Sanders</u>. <u>Sanders</u> was itself a drug case involving § 841. See <u>United States v. Sanders</u>, 247 F.3d 139 (4th Cir. 2001). In <u>Sanders</u> the Court of Appeals, however, never even addressed the consequences associated with applying <u>Apprendi</u> to drug cases because the Court of Appeals held that, among other things, the holding in <u>Apprendi</u> was not applicable on collateral review. In <u>Promise</u>, a case

5

which was on direct review, the Court of Appeals squarely addressed the issue of the impact of Apprendi on § 841 cases on direct review where no objection was made at the trial level. Promise merely applied the procedural rules announced in Apprendi to drug prosecutions. Significantly, the Court of Appeals did not distinguish or even reference its decision in Sanders which was issued two and one half months earlier. Moreover, despite the fact that Promise was decided almost four years ago, Petitioner has not brought any Fourth Circuit authority to the Court's attention which applies Promise retroactively. In fact, in a case post-dating Promise, the Court of Appeals stated "[w]e have already held that Apprendi does not apply collaterally in two different contexts – review of a federal drug sentence in Sanders and review of a state capital conviction in Burch." San-Miguel v. Dove, 291 F.3d 257, 261 (4th Cir. 2002). Moreover, the Court of Appeals has continuously applied the reasoning in Sanders to drug cases arguing Apprendi violations in a § 2255 motion. For all these reasons, the Court concludes that the Promise decision does not apply retroactively on collateral review.

### III. NO RHYNES VIOLATION

Petitioner also argues that because his Indictment alleged a conspiracy to traffic in multiple drug types this Court was limited to sentencing Petitioner to the statutory maximum for an undetermined amount of the least serious drug. In support of his argument Petitioner cites United States v. Rhynes, 196 F.3d 207 (4th Cir. 1999), overruled in part on other grounds, 218 F.3d 310, cert. denied, 530 U.S. 1222 (2000).

In United States v. Rhynes, 196 F.3d 207 (4th Cir. 1999), overruled in part on other grounds, 218 F.3d 310, cert. denied, 530 U.S. 1222 (2000), the Fourth Circuit held that in the absence of a special verdict form, a defendant convicted of a conspiracy involving different kinds

of drugs may only be sentenced to the maximum penalty attached to the drug carrying the least stringent penalty. Petitioner's case differs significantly from the case of the defendant in Rhynes because Petitioner was not convicted after a trial by jury. That is, Petitioner pled guilty to conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana.[2] Thus, Petitioner pled guilty to possessing with intent to distribute all three types of drugs. Therefore, even if his motion to vacate were timely filed, which this Court holds it is not, Petitioner's Rhynes claim would still fail.

## IV. PETITIONER'S PETITION AS A § 2241 MOTION

Petitioner argues that if this Court holds that his Motion to Vacate is time-barred, his filing should be construed as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. A petition under 28 U.S.C. § 2241, however, may only be brought when the § 2255 remedy is "inadequate or ineffective." 28 U.S.C. § 2255. Moreover, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)(en banc); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). This Court holds that Petitioner has not met this burden.

In addition, even if Petitioner's motion could properly be construed as a § 2241 motion, proper venue for such motions is the court located in the district in which the Petitioner is confined. See In Re Jones, 226 F.3d 328, 332 (4th Cir. 2000)(A petition for habeas corpus relief

---

[2] Unlike in Rhynes, Petitioner's Indictment was worded in the conjunctive.

brought under § 2241 must be filed in the district in which the movant is confined). There is no indication in the record that Petitioner was incarcerated within the Western District of North Carolina at the time he filed this motion and therefore venue in this Court would not be proper.

## V. **MOTION FOR AMENDED JUDGMENT**

Petitioner also asks, if his § 2255 and § 2241 arguments do not succeed, the Court to construe Petitioner's filing as a motion for amended judgment. More specifically, Petitioner requests that the Court file an amended judgment in his criminal case to allow him to file a direct appeal. In support of his argument Petitioner directs the Court's attention to an earlier Order by this Court which directed that a petitioner's judgment should be vacated and re-entered so that the petitioner might appeal his sentence and conviction.

As made clear in the Court's earlier Order, it was ruling on an ineffective assistance of counsel claim made in a Motion to Vacate, Set Aside, or Correct Sentence. There is no independent authority to take such an action over four years after a defendant's judgment and conviction became final. If made within the § 2255 context, this Court has already held that Petitioner's § 2255 motion was untimely. Moreover any argument that Petitioner's limitation period should be tolled because his attorney failed to file an appeal would be undermined by the fact that even after Petitioner clearly knew that no appeal had been filed he waited significantly longer than a year to file a motion to vacate.

## VI. **MOTIONS TO AMEND MOTION TO VACATE**

Petitioner asks the Court to amend his motion to vacate to include a claim based upon the United States Supreme Court's holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005).

8

Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending § 2255 motions. Absent bad faith, undue prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) shall be freely given. See Forman v. Davis, 371 U.S. 178, 182 (1962).

In the instant case it would be futile for Petitioner to amend his Petition. That is, any Blakely or Booker claim raised by Petitioner would be dismissed. Petitioner's conviction and sentence became final in late November of 1999. Because Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005), were decided after his conviction and sentence became final, in order to impact his sentence these cases would have to be determined to be retroactive on collateral review. The Supreme Court, however, has not made its holdings in Blakely or Booker retroactive to cases on collateral review. Moreover, there is no indication that it will do so.

In Booker the Supreme Court explicitly stated that "we must apply today's holdings – both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review." Booker, 125 S. Ct. at 769. Notably, the Court did not extend the application of its holding to cases on collateral review. Moreover, the Supreme Court's decision in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), issued on the same day as its Blakely decision, strongly implies that Blakely is not to be applied retroactively. See Schriro, 124 S. Ct. at 2526 (holding that Ring v. Arizona, 536 U.S. 584 (2002), which extended application of Apprendi to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review). Furthermore, the Fourth Circuit has forecast that Blakely does not apply retroactively on collateral review. See United States v. Beatty, No. 04-6648, slip op., 2004 WL

9

1759028 (4th Cir. (Aug. 5, 2004) (unpublished) (denying Petitioner's motion for enlargement of time to amend his § 2255 motion to raise a claim under Blakely "because Blakely does not apply in the § 2255 context," and citing Teague v. Lane, 489 U.S. 288, 311, 109 S. Ct. 1060 (1989) and United States v. Sanders, 247 F.3d 139, 148 (4th Cir. 2001)). Consequently, Petitioner's motions to amend are denied as futile.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Petitioner's Motions to Amend are **DENIED**;

2. Respondent's Motion for Summary Judgment is **GRANTED**; and

3. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

**Signed: May 19, 2005**

Graham C. Mullen
Chief United States District Judge

**Orders on Motions**
3:04-cv-00156 Cureton v. United States

U.S. District Court

Western District of North Carolina

Notice of Electronic Filing

The following transaction was received from Wallace, Betsy entered on 5/19/2005 at 3:51 PM EDT and filed on 5/19/2005
**Case Name:** Cureton v. United States
**Case Number:** 3:04-cv-156
**Filer:**
**Document Number:** 6

**Docket Text:**
ORDER denying motion to amd, granting motion for sum jgm, dism 2255 motion . Signed by Judge Graham Mullen on 5/19/05. (Wallace, Betsy)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095689202 [Date=5/19/2005] [FileNumber=352324-0]
[1141ef06b78936556725e2ec320ad52f365e9f5011052733688386e39f5c6e757f9f
ccea9e178a03302fb1c1862fadd46a98f8a403e9a0ec6de94e4e26af3493]]

**3:04-cv-156 Notice will be electronically mailed to:**

**3:04-cv-156 Notice will be delivered by other means to:**

Richard Deke Falls
Barnett and Falls
130 N. McDowell St.
Suite C
Charlotte, NC 28204-2268

4
Jennifer Hoefling AUSA